In re the MARRIAGE OF Wilbur F. ADAMS, Appellant (Petitioner Below),

and

Janice Anne Adams, Appellee (Respondent Below).

No. 49S02–8903–CV–197.

Supreme Court of Indiana.

March 10, 1989.

William A. Hasbrook, John C. Ruckelshaus, Ruckelshaus, Roland, Hasbrook & O'Connor, Indianapolis, for appellant.

Bruce M. Pennamped, Buck, Berry, Landau & Breunig, Indianapolis, for appellee.

Sarah E. Burns, Legal Director, Sally F. Goldfarb, NOW Legal Defense and Education Fund, New York City and Washington, D.C., Molly P. Rucker, Rucker, Cheerva & Ruppert, Indianapolis, local counsel, for amici curiae.

DICKSON, Justice.

In this appeal of a marriage dissolution property disposition order, the Court of Appeals reversed the trial court judgment awarding the wife a portion of the husband's future pension benefits. *Marriage of Adams* (1988), Ind.App., 519 N.E.2d 1240. The Court of Appeals reasoned that if the husband had terminated his employment on or before the date of filing, he would not have been entitled to any pension benefits; therefore, any subsequently accruing pension rights were not marital property as of the date of final separation and were erroneously included among the disposable marital assets by the trial court. *Id.* We now grant transfer.

The parties were married July 11, 1965. The husband filed his dissolution petition December 13, 1985. He thereafter achieved twenty years' service with the Indianapolis Police Department on March 14, 1986. Bench trial was held October 28, 1986, and judgment was entered November 21, 1986, finding that the husband's interest under the 1953 Police Pension Fund was a disposable asset and awarding the wife a 40% interest therein.

The relevant statutory provisions are as follows. Ind.Code § 31–1–11.5–2(d) provides:

(d) The term "property" means all the assets of either party or both parties, including:

(1) a present right to withdraw pension or retirement benefits;

(2) the right to receive pension or retirement benefits that are not forfeited upon termination of employment, or that are vested, as that term is defined in Section 411 of the Internal Revenue Code, but that are payable after the dissolution of marriage; and

(3) the right to receive disposable retired or retainer pay, as defined in 10 U.S.C. 1408(a), acquired during the marriage, that is or may be payable after the dissolution of marriage.

Ind.Code § 31–1–11.5–11(a) and (b) provides:

(a) For purposes of this section, "final separation" means the date of filing of the petition for dissolution of marriage under section 3 of this chapter.

(b) In an action pursuant to section 3(a) of this chapter, the court shall divide the property of the parties, whether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and prior to final separation of the parties, or acquired by their joint efforts, in a just and reasonable manner....

The trial court was authorized to include the police pension in the property disposition if it fell within the definition of "property" under section 2(d) and, further, if it was subject to disposition under section 11(b) considering its date of acquisition. We hold that the particular police pension in the case before us meets both prerequisites and was eligible for inclusion in the disposition of marital assets.

*Police Pension as "Property"*

■ Section 2(d) expressly permits the inclusion of specified pension-type interests among the marital assets for disposition.

We first determine whether the pension at issue fits within one of the three statutory categories.[1] As to the first, the husband did not have a present right to withdraw pension benefits because he had not yet retired even as of the date of the final order of dissolution, and was therefore not entitled to present receipt of benefits. Thus he had no "present right to withdraw" under section 2(d)(1). Likewise, the police pension was not within section 2(d)(3) as "disposable retired or retainer pay as defined in 10 U.S.C. 1408(a)."

The second category, section 2(d)(2), refers to the right to receive pension benefits either if not forfeited upon termination of employment or if vested as defined under section 411 of the Internal Revenue Code. The pension in question is not vested as defined in section 411. To be "property" under section 2(d)(2) it must therefore qualify as a "right to receive pension or retirement benefits" not forfeited upon termination.

In the present case, the husband's pension is governed by the 1953 Police Pension Fund, Ind.Code § 36–8–7.5–1, *et seq.* A police officer who serves twenty years or more of active duty qualifies for certain benefits upon retirement. Ind.Code § 36–8–7.5–12. Thus, upon completion of twenty years of service, any right to receive pension benefits became "not forfeited upon termination" under section 2(d)(2), leaving the question whether the nature of the husband's entitlement to receive future police pension benefits constitutes a "right to receive pension or retirement benefits" under section 2(d)(2).

Indiana case law has consistently held that public employees, particularly police officers, have no contractual pension rights until actual retirement. *Klamm v. State ex rel Carlson* (1955), 235 Ind. 289, 126 N.E.2d 487; *Kern, Mayor v. State ex rel Bess* (1937), 212 Ind. 611, 10 N.E.2d 915; *Haverstock v. State Public Employees Retirement Fund* (1986), Ind.App., 490 N.E. 2d 357; *Aikens v. Alexander* (1979), Ind. App., 397 N.E.2d 319.

When reviewing a statute, this Court's objective is to determine and implement legislative intent. *Park 100 Dev. v. Indiana Dept. of State Rev.* (1981), Ind., 429 N.E.2d 220. In its enumeration of the types of pension or retirement benefits includible as "property" for distribution upon dissolution, the legislature recognized pension rights not forfeited upon termination as a separate classification distinct from, and in addition to both rights that are "vested" and those with a "present right to withdraw." Ind.Code § 31–1–11.5–2(d). Considering both the language and the general thrust of section 2(d) we conclude that the legislature did not intend to exclude police pension benefits for officers with over twenty years of active service who had not yet retired. To the contrary, we find such pension benefits are included under the definition of "property" in section 2(d). The trial court did not err on this issue.[2]

### Includibility of Rights Acquired After Separation

Section 11(b) of the dissolution act empowers the trial court to dispose of the following three classifications of property of the parties:

1. property owned by either spouse prior to the marriage,

2. property acquired by either spouse in his or her own right after the marriage and *prior to final separation,* and

3. property acquired by the joint efforts of the parties.

The "prior to final separation" demarcation applies only to property acquired by either spouse "in his or her own right." Thus a

---

1. We need not address whether Ind.Code § 31–1–11.5–2(d) was intended by the legislature to define exclusive categories of pension-type interests includible as disposable marital property.

2. The trial court designated that its order "shall be a qualified domestic relations order ('QDRO') under the Retirement Equity Act of 1984, Public Law No. 98–397," 29 U.S.C. § 1001 *et seq.* The husband contends, and wife impliedly concedes, that said federal act exempts certain governmental pension plans such as the police pension plan at issue. We find the trial court's QDRO designation to be surplusage, and that it does not impair the validity or enforceability of the order.

trial court could distribute property acquired after the filing of the petition for dissolution if acquired "by their joint efforts."

It may be reasonably argued that in many marriages the joint efforts of both spouses are invested so that one of them may earn pension rights. In the present case, the parties were married over twenty years, during which the husband was employed as a police officer and accumulated his pension eligibility. We find the evidence sufficient to support the conclusion that the husband's police pension rights were acquired by the joint efforts of the parties and therefore not subject to the "prior to final separation" limitation. The police pension rights were therefore subject to disposition as marital property, notwithstanding that the pension rights did not become marital "property" under section 2(d) until after the separation. The trial court did not err in its inclusion of the husband's police pension in the dissolution property disposition order.

### Assignment of Plan Rights

The husband contends that the dissolution decree erroneously deemed the wife as the alternate payee under the pension plan, attempted to assign plan benefits to her, ordered the husband to name her as beneficiary, and ordered payments to begin at a time that would require the husband's premature retirement. However, the trial court's order granting certain rights to the wife as alternate payee or otherwise requiring an assignment of benefits, was expressly qualified as "only to the extent permitted by the Plan."

Ind.Code § 31–1–11.5–11(b)(4) authorizes the division of expected future pension and retirement benefits "by setting aside to either of the parties a percentage of those payments either by assignment or in kind at the time of receipt." The trial court ordered that the pension plan benefits to the wife commence "upon the first regularly scheduled distribution date after date hereof and after all necessary applications and other paperwork have been completed which the Court hereby orders completed

without delay inasmuch as the participant, husband, has heretofore obtained the earliest retirement age under the plan." The husband argues that his involuntary termination should not be required. We agree. To the extent that the final order granting the wife benefits under the husband's police pension plan would compel his involuntary retirement, the trial court abused its discretion. Because of the statutory inclusion of future pension benefits as divisible marital property and the authorization to order payment of such benefits at the time of receipt, and in the absence of trial court findings supporting a contrary result, we find that, under the facts of this case, the husband's immediate involuntary retirement should not be compelled.

This cause is remanded to the trial court with instructions to clarify the commencement date for payment of pension benefits to the wife so as to not require the husband's immediate retirement. In all other respects, the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.