**Robert J. TIRMENSTEIN, Appellant
(Respondent Below),**

v.

**Bette J. TIRMENSTEIN, Appellee
(Petitioner Below).**

No. 49A02–8801–CV–24.

Court of Appeals of Indiana,
Second District.

June 21, 1989.

William A. Hasbrook, Ruckelshaus, Roland, Hasbrook & O'Connor, Indianapolis, for appellant.

Molly P. Rucker, Michael Cheerva, Rucker, Cheerva & Ruppert, Indianapolis, for appellees.

SHIELDS, Presiding Judge.

Robert J. Tirmenstein appeals the division of property in the dissolution of his marriage to Bette J. Tirmenstein.

We affirm.

## FACTS

Robert and Bette Tirmenstein were married on April 20, 1958. A petition for dissolution of this marriage was filed on October 28, 1986. Robert is a police officer,

employed by the Indianapolis Police Department since October 28, 1958; he participates in the 1953 Police Pension Fund, IC 36–8–7.5–1 et seq. (1988). He is entitled to pension benefits upon his retirement because he has completed over twenty (20) years of service. The amount of his future benefits depends upon the number of years he serves before retiring and upon the base salary of a first class patrolman.

The trial court awarded Bette, *inter alia,* a share of Robert's pension benefits when he retires, and ordered Robert to maintain a life insurance policy on himself, with Bette as beneficiary.

> The Court ... finds [t]hat in considering the length of the parties' marriage, this Court believes that Wife is entitled to one half of the pension benefits that Husband will received [sic] based upon the length of the parties' marriage. The formula to be used in determining Wife's portion of said benefits shall be computed by dividing the number of months that the parties were married up to the date of separation which number is 342, by the total number of months that Husband serves as a police officer prior to his retirement, and then dividing that percentage by 2.

> The Court finds that the Wife cannot be named as a beneficiary pursuant to the Indianapolis Police Department Pension, and the Court feels that some accomodation should be made with respect to the Wife in light of the fact that she was married to the Husband for 28 years. Therefore, the Court hereby orders Husband to keep in full force and effect a life insurance policy on his life with Wife being named as the irrevocable beneficiary on said policy in the sum of $44,000.00.

Record at 82.

## ISSUES

Robert presents the following issues for review: (1) did the trial court err in including his police pension in the marital estate, and (2) did the trial court err in requiring him to maintain the life insurance policy with Bette as beneficiary.

Bette, as cross error, presents the issue whether the trial court erred in failing to order the pension fund to pay her share of Robert's benefits directly to her.

## DECISION

### I.

#### A.

Under IC 31–1–11.5–2(d) (1988), divisible marital property includes

> (1) a present right to withdraw pension or retirement benefits;

> (2) the right to receive pension or retirement benefits that are not forfeited upon termination of employment, or that are vested, as that term is defined in Section 411 of the Internal Revenue Code, but that are payable after the dissolution of marriage; and

> (3) the right to receive disposable retired or retainer pay, as defined in 10 U.S.C. 1408(a), acquired during the marriage, that is or may be payable after the dissolution of marriage.

■ Despite Robert's multiple arguments to the contrary, his police pension benefits constitute marital property. In *In re Marriage of Adams* (1989), Ind., 535 N.E.2d 124, our supreme court held that the police pension benefits of an officer who completes twenty (20) years of service prior to the final dissolution hearing is marital property within I.C. 31–1–11.5–2(d)(2) and is subject to division between the parties in a dissolution proceeding. Therefore, the trial court did not err in concluding Robert's police pension is marital property.

■ Robert also argues that even if his benefits are marital property under the 1985 amendment to I.C. 31–1–11.5–2(d)(2), application of that amendment to his benefits violates the Indiana Constitution's prohibition against impairment of contracts.

Neither the amendment nor the trial court's judgment impairs Robert's rights under the 1953 police pension benefit plan. His right to *receive* those benefits remains unimpaired; only his disposition of the benefits, *after receipt,* is affected by the 1985 dissolution amendment. Robert's use of

his benefits, after receipt, is not the subject of contract between Robert and the City of Indianapolis. *See In Re Marriage of Sovern* (1989), Ind.App., 535 N.E.2d 563 (dissolution court may not relieve spouse from liability on mortgage but may require one spouse to pay the mortgage and hold other spouse harmless.)

Finally, Robert argues the trial court's division of his pension benefits is inherently unfair. He bases this argument on the fact that under the trial court's distribution formula, Bette will benefit from the increase in his pension caused by the increase in the percentage of a first class patrolman's base wage he receives after their marriage is dissolved to a maximum of 74% (increase in pension percentage), and from any increase in the first class patrolman's base wage (increase in pension base). The effect of these increases, according to Robert, is to award Bette "future income ... in the form of an 'asset' which did not even exist at the time of separation" (Appellant's Brief at 27) and to also award her more than one-half the present value of his benefits.

Had Robert retired at the time of the parties' separation, he would have received sixty-six percent (66%) of the salary of a first-class patrolman. Additional service earns Robert a higher percentage, up to a maximum of seventy-four percent (74%).[1] Also, I.C. 36–8–7.5–12(a)(2) provides that the pension payable is increased or decreased proportionate to any increase or decrease of the salary of a first-class patrolman.

Robert's argument is without merit. IC 31–1–11.5–2(d)(2) deems the "right to receive pension or retirement benefits" as marital property. The "right", *i.e.*, the property or the *res* that exists is the pension plan in its entirety with all its benefits and detriments. Two of the benefits that are in being as of the parties dissolution is Robert's right to receive an increase in pension percentage and his right to receive an increase (or decrease a possible detriment) in pension base. He "earned" these rights during the parties marriage by serving as a police officer for twenty (20) years and these rights constitute marital property because they are part of the *res* that is now non-determinable. In other words, the marital property subject to division is the pension benefit plan as it exists when the marriage is dissolved. Thus, the trial court did not divide a future asset when it awarded Bette a portion of any increased pension percentage as well as a portion of any increased or decreased pension base. Furthermore, the trial court did make an adjustment to offset to some degree, the additional increased pension percentage.

Although Bette would have been entitled to fifty percent (50%) of Robert's pension had he retired at the time of the dissolution, her percentage decreases for each month of service after the dissolution. Under the trial court's order, Bette's percentage is computed by dividing the months the marriage existed by the months of Robert's active service and then multiplying that percentage by fifty percent (50%):

**PARTIES' SHARES OF ROBERT'S PENSION BENEFITS**

|  | Time of divorce | 1 year later | 2 years later | 5 years later | 10 years later |
|---|---|---|---|---|---|
| Bette | 50% | 48% | 47% | 43% | 37% |
| Robert | 50% | 52% | 53% | 57% | 63% |

Therefore, Bette does not benefit from Robert's continued service to the extent that Robert does. The increases in the total pension which result from additional months of service are outweighed by the decreases in Bette's share:

---

1. Robert earns one percent (1%) for each six (6) months service over twenty (20) years. I.C. 36–8–7.5–12(a)(2).

| PARTIES' RECEIPTS AS PERCENTAGE OF FIRST CLASS PATROLMAN'S SALARY | | | | | |
|---|---|---|---|---|---|
| | Time of divorce | 1 year later | 2 years later | 5 years later | 10 years later |
| Bette | 33% | 32.8% | 32.7% | 31% | 27% |
| Robert | 33% | 35.2% | 37.3% | 43% | 47% |
| Total | 66% | 68% | 70% | 74% | 74% |

There is also no merit to Robert's argument the trial court's division is erroneous because Bette may receive more than fifty percent (50%) of the present value of his pension benefit. Here, the present value is irrelevant. The trial court chose not to give Bette an immediate right to receive some portion of the present value of Robert's pension benefit, either in a lump sum or over a period of years. In other words, the trial court did not divide the present value of Robert's pension. Instead, Bette was given the right to receive a percentage of what Robert receives when he receives it, and without interest for the delayed receipt. This method of distribution complies with IC 31–1–11.5–11(b)(4) (1988) which reads:

> [T]he court shall divide the property of the parties ... in a just and reasonable manner, by ordering the distribution of any benefits described in section 2(d)(2) or 2(d)(3) of this chapter that are payable after the dissolution of marriage, by setting aside to either of the parties a percentage of those payments either by assignment or in kind at the time of receipt.

Bette will receive less than fifty percent (50%) of Robert's pension benefits as he receives them. Robert has failed to establish that such a division is inherently unfair. There is no error.

Bette asserts as cross error that the trial court abused its discretion when it failed to order the pension board to pay directly to her her share of Robert's pension benefits. This asserted error is unavailable to her because Bette did not file a motion to correct error and the trial court did not err in denying Robert's motion to correct error. Indiana Rule of Procedure, Trial Rule 59(G); *Nehi Beverage Co. v. Sims* (1987), Ind.App., 509 N.E.2d 1125, 1130.

Judgment affirmed.

ROBERTSON and GARRARD, JJ., concur.