Praful K. RAVAL, Appellant (Respondent Below),

v.

Rita J. RAVAL, Appellee (Petitioner Below).

No. 50A03–8911–CV–520.

Court of Appeals of Indiana, Third District.

July 23, 1990.

Michael C. Murphy, Kramer, Butler, Simeri, Konopa & Laderer, South Bend, for appellant.

Mark E. Wagner, Kizer & Neu, Bremen, for appellee.

HOFFMAN, Presiding Judge.

Respondent-appellant Praful K. Raval (Husband) appeals the provisions of a decree dissolving his marriage to petitioner-appellee Rita J. Raval (Wife).

Husband and Wife were married on May 31, 1974. The marriage produced two children: Brian, age 10, and Angela, age 6, at the time of the dissolution. Husband and Wife separated in September of 1988, and Wife filed a petition for dissolution of marriage on September 16, 1988. The trial court conducted a final hearing on the petition on June 20, 1989, and entered its decree of dissolution on August 4, 1989. Both Husband and Wife filed motions to correct error, and after a hearing on September 25, 1989, the trial court modified the decree's visitation schedule and award of assets to Husband.

Husband's sole claim on appeal is that the trial court erred in failing to order an equal division of the marital property.

The disposition of marital assets is within the sound discretion of the trial court. This Court neither reweighs the evidence nor rejudges the credibility of witnesses but considers only the evidence most favorable to the trial court's disposition. Reversal is merited only where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. Furthermore, this Court considers the trial court's disposition of property as a whole, not item by item. *In re Marriage of Davidson* (1989), Ind.App., 540 N.E.2d 641, 645; *Euler v. Euler* (1989), Ind.App., 537 N.E.2d 554, 556.

Contrary to Husband's assertion, IND. CODE § 31-1-11.5-11(c) (1988 Ed.), the pertinent statute, does not mandate an equal division of the marital property. Rather, the statute imposes a rebuttable presumption that an equal division is just and reasonable. In order to rebut the presumption, a party may present evidence concerning the following factors:

"(1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.

(2) The extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift.

(3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in that residence for such periods as the court may deem just to the spouse having custody of any children.

(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

(5) The earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties."

*Id.*

In its decree of dissolution, the trial court divided the marital property, but it did not attribute dollar amounts to any of the assets or liabilities. Both Husband and

Wife filed proposed distributions of marital assets and liabilities which listed dollar amounts; however, several of the amounts were in dispute. Nevertheless, the division of property in both distributions was unequal, and the trial court did not explain its reasons for deviating from the statutory presumption. According to both *Davidson* and *Euler*, the trial court must state its reasons for deviating from the statutory presumption when it divides the marital property unequally.

*Davidson* at 646; *Euler* at 556–557. This Court, therefore, remands this case to the trial court to divide the marital property equally or to state its reasons for dividing the property unequally.

Remanded.

GARRARD and CONOVER, JJ., concur.