In re the Marriage of Ruth Ann SKIRVIN, Appellant/Petitioner,

v.

Richard N. SKIRVIN, Appellee/Respondent.

No. 53A019005CV194.

Court of Appeals of Indiana, First District.

Oct. 17, 1990.

Michael Cheerva, Rucker & Cheerva, Indianapolis, for appellant/petitioner.

Lawrence J. Brodeur, Bloomington, for appellee/respondent.

ROBERTSON, Judge.

Ruth Ann Skirvin appeals the property distribution of the decree that dissolved her marriage to Richard N. Skirvin. Specifically, she complains that the trial court erred by failing to include Richard's policeman's pension—which was expected to vest 32 days after the court entered its Decree of Dissolution—in the marital pot. She also asserts that the trial court erred by failing to take the pension expectation into consideration in its plan of distribution. Ruth raises two issues neither of which constitutes reversible error.

## FACTS

Ruth and Richard were married June 4, 1965. Ruth filed for divorce June 1, 1988. The final hearing was held March 2, 1989. The trial court entered its Decree of Dissolution on August 31, 1989.

Richard joined the police force on October 1, 1969—four years into the marriage. His pension was expected to vest on October 1, 1989—32 days after the trial court entered its Decree. The pension would be forfeited should Richard's employment as a policeman terminate before vesting.

## DECISION

### I.

Whether the trial court erred in failing to include Richard's pension—which was to vest 32 days after the entry of the Decree of Dissolution—in the marital pot?

IND.CODE 31–1–11.5–2(d) reads as follows:

The term "property" means all the assets of either party or both parties, including: (1) a present right to withdraw pension or retirement benefits; (2) the right to receive pension or retirement benefits that are not forfeited upon termination of employment, or that are vested, as that term is defined in § 411 of the Internal Revenue Code, but that are payable after the dissolution of marriage; and (3) the right to receive disposable retired or retainer pay, as defined in 10 U.S.C. 1408(a), acquired during the marriage, that is or may be payable after the dissolution of marriage.

When *In re Marriage of Adams* (1989), Ind., 535 N.E.2d 124 was handed down it created great excitement with its expansive interpretation of the above statute. Reversing the court of appeals, the Indiana Supreme Court held that a policeman's pension which 1) had not yet vested at the time the dissolution petition was filed, 2) would have been forfeited upon termination of employment, and 3) vested before the date of final hearing, constituted marital property subject to division. The court appeared to be expanding the definition of marital property by holding that such interests—not vested at the time of final separation—belonged in the pot because they were acquired by the joint efforts of both spouses. The adoption of the joint contribution concept could have conceivably opened the gates to a more liberal definition of marital property including all kinds of non-vested interests and expectations.

 However, the Indiana Supreme Court recently clarified *Adams* in *Kirkman v. Kirkman* (1990), Ind., 555 N.E.2d 1293. The husband in *Kirkman* needed approximately one and one-half (1½) more years of service to vest his National Guard pension which was expected to vest upon 20 years of service. The trial court did not include the pension in the marital pot. The Court of Appeals—in a memorandum decision—reversed *sua sponte* holding that the joint contribution concept of *Adams* required its inclusion in the marital pot. Our supreme court granted transfer and vacat-

ed the Court of Appeals decision by distinguishing *Adams*. The court pointed out that in *Adams*, the pension had vested by the time the court had entered its Decree of Dissolution, but that, in *Kirkman*, it had not. Therefore, *Adams* as clarified by *Kirkman*, simply alters the long-established rule that the marital pot closes upon the filing of the dissolution petition. IND. CODE 31–1–11.5–11(a) & (b). Now, the pot is closed—with respect to pensions acquired by the joint efforts of both spouses—on the date the court enters its decree.[1]

Ruth recognizes the recent *Kirkman* decision but argues that its application is inequitable in the case at bar. She distinguishes *Kirkman* by pointing out that the husband in *Kirkman* needed approximately one and one-half (1½) more years of service to vest his pension; while in the case at bar, the trial court needed only to delay the rendering of its Decree by 32 days to cause Richard's pension to be included in the pot. She criticizes *Kirkman* by noting that the inclusion of pension benefits in the marital pot can hinge upon the success of dilatory litigation tactics and the congestion of court calendars. She argues that equity would be served if the joint contribution theory were to be expanded to include non-vested pensions.

■ We are bound by *Kirkman*. Richard's pension was not expected to vest until 32 days after the court entered its Decree. Therefore, the trial court correctly excluded it from the marital pot. We find no error.

## II.

Whether the trial court—by refusing to permit Ruth's expert to give his opinion of the value of Richard's pension—erred by failing to take Richard's pension expectation into consideration in effecting its plan of distribution?

■ The trial court excluded the testimony of Ruth's expert, Bruce Jaffee, Ph.D.[2] Ruth's attorney made an offer to prove that Jaffee's expert opinion of the value of Richard's pension at the time of final separation was $147,915.00. In arriving at this figure, Jaffee discounted the pension's value by a factor of .0057683, the probability that Richard might die between the time of final separation and the time the pension was expected to vest.

■ Even when a pension expectation is not properly included in the marital pot, the trial court must consider it in effecting its plan of distribution. *Koenes v. Koenes* (1985), Ind.App., 478 N.E.2d 1241. Ruth argues that as a result of the exclusion of Jaffee's testimony, the trial court necessarily failed to take Richard's pension into consideration in effecting its plan of distribution.

The marital residence was sold during the pendency of the divorce. The net proceeds of this sale amounted to $48,001.61. The trial court awarded Ruth 65%, and Richard 35%, of these proceeds. While it is not obvious from the briefs what the overall relative distribution of the marital estate was, it would appear that the balance of the assets and debts were not of such significance that Ruth failed to receive more than one-half of the estate. The trial court entered the following finding—among others—justifying a deviation from a 50/50 split:

1. *Adams, supra, Tirmenstein v. Tirmenstein* (1989), Ind.App., 539 N.E.2d 990, and *In re Marriage of Bickel* (1989), Ind.App., 538 N.E.2d 246 all held that pensions vesting before the final hearing belonged in the pot under the joint contribution theory. *Kirkman, supra,* enlarges this time frame by closing the pot at the time the court enters its Decree of Dissolution. We suppose that for pensions vesting between the final hearing and the date the court enters its decree the parties will need to inform the court that the pension has vested and must be included in the marital pot. Otherwise, in such cases, the trial court would be required to modify its entire plan of distribution upon a Motion to Correct Error which—by way of accompanying affidavits submitted pursuant to Ind.Trial Rule 59(H)—establishes that the pension had vested before the entry of the Decree. Of course, if the fact of vesting is disputed, the court will need to hold another hearing for the resolution of this issue.

2. Jaffee is a professor of Business Economics and Public Policy at Indiana University in Bloomington, Indiana.

That the court has taken into consideration, in making its determination in this case, the income earning ability of the parties in the future, including the possible income that the respondent, Richard N. Skirvin, might receive from his pension plan. However, the court has not awarded or divided the future income of either party.

Ruth got more than one-half of the pot. The trial court made a specific finding that it considered Richard's pension expectation in its plan of distribution. Ruth has cited no authority—nor are we aware of any—that would require the trial court to entertain evidence regarding the value of non-marital assets. Therefore, we find no error.

Judgment affirmed.

BAKER and BUCHANAN, JJ., concur.