Paul A. STALLER, Jr., Appellant (Petitioner Below),

v.

Joyce A. STALLER, Appellee (Respondent Below).

No. 02A03–9007–CV–273.

Court of Appeals of Indiana, Third District.

May 13, 1991.

Timothy J. Connor, Fort Wayne, for appellant.

John S. Knight, Parrish & Knight, Fort Wayne, for appellee.

HOFFMAN, Presiding Judge.

Appellant Paul A. Staller, Jr., appeals the final dissolution order entered October 16, 1989 dissolving his marriage to appellee Joyce A. Staller. Paul raises six issues for review. As restated, the issues are:

(1) whether the trial court abused its discretion by ordering Paul to pay an excessive amount of child support and by deviating from the Child Support Guidelines;

(2) whether the trial court erred in awarding 60% of the marital assets to Joyce;

(3) whether the trial court erred by including a portion of Paul's Thrift and Profit Sharing Plan as a marital asset;

(4) whether the trial court erred in valuing a portion of Paul's Thrift and Profit Sharing Plan;

(5) whether the trial court erred in valuing Paul's pension plan; and

(6) whether the trial court erred by ordering Paul to pay attorney's fees for Joyce.

■ First, Paul argues that the trial court's determination as to child support failed to consider the mandatory Child Support Guidelines and is excessive so as to be tantamount to spousal maintenance. Paul filed a petition for dissolution in April 1988. The cause was tried on April 24, 1989. The parties submitted proposed findings of fact and conclusions of law in May 1989. The court entered the dissolution order on October 16, 1989. The mandatory guidelines became effective October 1, 1989.

Paul merely concludes that because no reference to the guidelines appears in the court's findings, the court deviated from the guidelines and the cause must be reversed. Indiana Child Support Rules, Support Rule 1 and 2 establish "a rebuttable presumption that the amount of the award which would result from the application of the Indiana Child Support Guidelines is the correct amount of child support to be awarded," and if the evidence demonstrates that adherence to the guidelines would be unjust in a particular case, "the court shall enter a written finding articulating the factual circumstances supporting that conclusion." However, on appeal Paul does not demonstrate that the amount of support entered by the trial court deviated from the amount which would have resulted from the application of the guidelines. Also it is noteworthy that all evidence in this cause and all proposed findings of fact and conclusions of law were submitted prior to October 1, 1989 when the guidelines became mandatory. *Cf. Drake v. Newman* (1990), Ind.App., 557 N.E.2d 1348, 1351 n. 3 (guidelines not controlling because not in effect at time of modification). Because Paul fails to demonstrate error, review of his contention as to the guidelines is foreclosed.

■ Also as to child support, Paul avers that it appears that the court awarded spousal maintenance. Paul contends that the court did not comply with IND.CODE § 31–1–11.5–12 (1988 Ed.) by setting out factors it considered in making the child support award. The evidence belies Paul's argument. The trial court made specific findings as to: (1) Paul's gross weekly income of approximately $1,616.00 plus bonuses; (2) Joyce's expenses, including those related to the minor child, which exceed her income by more than $900.00 per month; and (3) the financial resources of the parties, the standard of living the child would have enjoyed had the marriage not been dissolved, and other pertinent factors contained in IND.CODE § 31–1–11.5–12. The court ordered support in the amount of $200.00 per week.

IND.CODE § 31–1–11.5–12 states in pertinent part:

"(a) ... the court may order either parent or both parents to pay any amount reasonable for support of a child, without regard to marital misconduct, after considering all relevant factors including:

(1) the financial resources of the custodial parent;

(2) the standard of living the child would have enjoyed had the marriage not been dissolved ...; [and]

\*   \*   \*   \*   \*   \*

(4) the financial resources and needs of the noncustodial parent."

The court's findings demonstrate compliance with the statute. It is within the sound discretion of the trial court to determine the proper amount of child support based upon the facts and circumstances of each case. *In re Marriage of Davidson* (1989), Ind.App., 540 N.E.2d 641, 647. The trial court's decision will not be disturbed on appeal absent a showing that the court abused its discretion or acted contrary to law. *Id.* Review of the evidence and the findings by the trial court demonstrates that the court properly considered the factors and did not abuse its discretion.

■ Next, Paul alleges that the trial court erred in its property division by awarding Joyce 60% of the marital assets. Paul correctly notes that IND.CODE § 31–1–11.5–11(c) (1988 Ed.) establishes a rebuttable presumption that an equal divi-

sion of the marital property is just and reasonable. The presumption may be rebutted by evidence demonstrating that an equal division would not be just and reasonable under the circumstances. IND.CODE § 31-1-11.5-11(c). The statute lists some factors which may be considered. *Id.; see also Raval v. Raval* (1990), Ind.App., 556 N.E.2d 960, 961.

Here, contrary to Paul's assertion, the trial court enumerated the factors it considered in making the distribution. After an extensive recitation of the parties' assets and their valuation, the court in its findings stated, "[a]fter giving due consideration to the factors outlined in I.C. [31-1-11.5-11], especially the respective economic circumstances of each party and their respective earnings and earning potential, the Court determines that it would be fair and reasonable for the Respondent, Joyce A. Staller, to be awarded 60% of the marital assets, and for the Petitioner, Paul A. Staller, Jr., to be awarded the remaining 40% of said assets." Disposition of the marital assets lies within the discretion of the trial court. This Court will neither weigh the evidence nor judge the credibility of the witnesses, but will consider only that evidence most favorable to the trial court's disposition. *Raval, supra,* 556 N.E.2d at 961. The trial court adequately supported its determination and did not abuse its discretion in awarding Joyce 60% of the marital assets.

■ Paul also questions inclusion of a portion of his employer's thrift plan in the marital assets. Paul contends that a portion of the plan, amounting to $10,971.38, was not vested at the time of the filing of the petition for dissolution. Although Paul acknowledges that the plan was vested on January 1, 1989, approximately four months prior to the trial, he contends that it should not have been included in the marital assets because the plan vested after the date of final separation. The date of final separation is the date of filing the petition for dissolution. *See In re Marriage of Adams* (1989), Ind., 535 N.E.2d 124, 126-27.

■ A trial court has broad discretion in determining the date to value marital assets. *Qazi v. Qazi* (1989), Ind.App., 546 N.E.2d 866, 869-70, citing *Eyler v. Eyler* (1986), Ind., 492 N.E.2d 1071. For purposes of choosing a date upon which to value marital assets, the trial court may select any date between the date of filing the petition for dissolution and the date of the final hearing. *Id.*

Our Supreme Court in *Adams, supra,* 535 N.E.2d at 126, noted that a trial court may dispose of property acquired by either party "in his or her own right after the marriage and *prior to final separation,"* and "property acquired by the joint efforts of the parties." (Emphasis in original.) The court determined that the husband's pension which was not vested at the time of the final separation was nevertheless includable in the marital pot as property acquired by the joint efforts of the parties. *Id.* at 127. *But see Kirkman v. Kirkman* (1990), Ind., 555 N.E.2d 1293, 1294 (court clarified intention in *Adams,* pension includable as property in *Adams* because qualified for certain retirement benefits after twenty years service completed prior to final dissolution decree). The court in *Adams* viewed the length of the marriage, over twenty years, in making its determination.

Here, the parties were married thirty years. During that time the parties raised five children, one of whom was a minor at the time of the dissolution. As in *Adams,* Paul's ability to participate in the thrift plan through his employer was possible through the joint effort of the parties. *See also In re Marriage of Bickel* (1989), Ind. App., 538 N.E.2d 246, 247. Paul claims that the reasoning in *Adams* should not be applied here, because unlike *Adams,* at least a portion of the plan had vested prior to the date of final separation. Thus, according to Paul failing to include the portion which vested four months prior to the final hearing would not exclude Joyce from some portion of the plan. This argument has no merit. Where, as here, the plan was an element of property acquired by the joint efforts of the parties and the right to the property was vested prior to the final

decree, the plan was properly joined as a marital asset.

■ Also, under the reasoning in *Qazi, supra,* the asset could be valued at the date of the final hearing. The trial court did not err by including that portion of the thrift plan as a marital asset.

Next, Paul complains that the trial court assessed the value of his Thrift and Profit Sharing Plan on the date of the final hearing rather than on an earlier date before a stock split and an increase of approximately $23,600.00. Paul acknowledges that the trial court may, when assessing the value of property, use any date between the date the petition for dissolution is filed and the date of the final hearing. *See Qazi, supra,* 546 N.E.2d at 870. Paul fails to demonstrate error by the trial court.

■ Paul assigns error to the court's determination as to the value of his pension plan. Paul complains that the court valued the pension at his earliest unreduced retirement date, when Paul reaches age 55. As Paul's expert testified, and the trial court found, Paul's employer financially rewards early retirement. The court found, "[i]t is in the economic best interests of an employee to retire at [age 55], and economically disadvantageous to wait until age 65." The trial court adopted Paul's expert's valuation of the pension plan. Paul contends that the court's finding requires him to retire at age 55 in order to preserve Joyce's share of the pension plan. Such is not the case.

The trial court assigned Joyce a one-half interest in Paul's pension benefits which accrued during the course of the parties' marriage. Joyce was not given an immediate right to the value of the pension. Instead, the court ordered a Qualified Domestic Relations Order to preserve Joyce's one-half interest in the pension plan. Unlike the situation in *Adams, supra,* 535 N.E.2d at 127, the court's order does not impose an early retirement date. Further, the order comports with the authorized division of expected future pension and retirement benefits contained in IND.CODE § 31–1–11.5–11(b)(4) (1988 Ed.).

It is noteworthy that Paul's expert testified that the marital coveture value of Paul's pension at age 55 would be approximately $134,800.00; whereas, that amount dropped precipitously to approximately $51,800.00 at age 65. Given the testimony that Paul could expect consulting work upon his retirement, coupled with the added value of the pension at age 55, it is difficult to perceive a valid reason for Paul's hesitancy to retire from his present employment at age 55.

■ Finally, Paul objects to the court's order requiring him to pay $6,716.50 for Joyce's attorney's fees. Paul complains that the award is unfair, especially in light of the unequal distribution of assets.

IND.CODE § 31–1–11.5–16(a) provides that a party in a dissolution may be ordered to pay reasonable costs and attorney's fees incurred by the other party in maintaining or defending the proceeding. A trial court has broad discretion in determining the amount of attorney's fees to award in a dissolution proceeding. Such award may be disturbed only for an abuse of that discretion. *Davidson, supra,* 540 N.E.2d at 649. A trial judge may take judicial notice of the reasonableness of an attorney's fee. *Id.* Here, the award was supported by the record, including evidence of Paul's failure to pay interim child support and other items to which Paul had agreed and which had been ordered by the court. Paul's recalcitrance required protracted litigation, forcing Joyce to incur added attorney expense. No error occurred in ordering payment of Joyce's attorney's fees.

Finding no reversible error, the trial court judgment is affirmed.

Affirmed.

STATON, J., concurs.

BAKER, J., concurs with opinion to which STATON, J., concurs.

BAKER, Judge, concurring.

While I concur in the result reached by the majority, I cannot join in its observation that under the facts of this case,

where Paul's employer would reward earlier retirement, it would then be difficult to perceive why Paul would hesitate to retire from his present employment at age 55. At 1332. There are a myriad of reasons why Paul might choose to enjoy productive employment beyond age 55. The values for Paul's pension were within the evidence and his suggestion that the trial court erred in determining a value is only an invitation for us to reweigh the evidence which we must decline.