**Philip ROBERTS, Appellant–Petitioner,**

v.

**Colleen Roberts JOHNSON,
Appellee–Respondent.**

No. 84A01–9308–CV–268.[1]

Court of Appeals of Indiana,
First District.

Dec. 21, 1993.

1. This case was transferred to this office November 5, 1993 by direction of the Chief Judge.

Stephen L. Trueblood, James B. Organ, Trueblood Law Firm, Terre Haute, for appellant-petitioner.

ROBERTSON, Judge.

Philip Roberts appeals an award of attorney fees in a child custody modification proceeding brought pursuant to the Uniform Child Custody Jurisdiction Law. We affirm.

Roberts and his former wife, respondent Colleen Johnson, had been divorced by the Hardin Circuit Court of Kentucky on August 24, 1989. Neither of the parties resides in Kentucky. Roberts initiated the litigation culminating in this appeal by filing what was essentially a petition to modify custody before the Vigo Superior Court. At the time of the filing, Johnson had resided with the parties' minor children in Terre Haute, Indiana, continuously for a period of two years.

Johnson filed a motion to dismiss Roberts' petition because he had failed to make the jurisdictional allegations necessary to bring the petition under the UCCJL and filed her own petition to modify the parties' divorce decree as to visitation. Roberts then asked the court by motion to treat his petition as a joint request to assume jurisdiction. Other pleadings were filed and issues raised such that, at the time the trial court ruled upon the jurisdictional question, the issues of visitation, contempt, alimony and child support were pending before the court. In addition, Johnson had asked for an award of attorney fees and costs on the ground that Roberts had failed to comply with orders to compel discovery.

The court found that it had jurisdiction to rule upon Johnson's request to modify the decree as to visitation, but found that it had no jurisdiction over the matters of support, alimony and contempt. The court took the matter of attorney fees under advisement and, after a hearing, ordered Roberts to pay $4000.00 toward Johnson's attorney fees. Johnson had requested and evidence was offered to support an award of $11,583.40.

The thrust of Roberts' argument on appeal is that the trial court did not have the authority to award attorney fees under the Uniform Child Custody Jurisdiction Law. Roberts points out that none of the sections of the enactment which expressly provide for an award of attorney fees are applicable in the present case; moreover, the trial court made none of the findings necessary to support an award under any of these provisions. *See* Ind.Code 31–1–11.6–7(g); I.C. 31–1–11.6–8(c), and I.C. 31–1–11.6–15(b). According to Roberts, the UCCJL's attorney fee provisions are the exclusive authority for an award of fees when jurisdiction is assumed under the UCCJL. And, he reasons that, since the UCCJL excludes decisions relating to monetary obligations from its coverage, an Indiana trial court cannot exercise jurisdiction over issues involved in a dissolution proceeding involving money.

■ Johnson has not filed an appellee's brief. Hence, the judgment may be reversed if the appellant's brief presents a prima facie case of error. *National Mutual Ins. Co. v. Eward* (1987), Ind.App., 517 N.E.2d 95. Prima facie error is error at first sight, on first appearance, or on the face of it. *Johnson County Rural Elec. Membership Corp. v. Burnell* (1985), Ind. App., 484 N.E.2d 989. Although we may reverse upon a showing of prima facie error when the appellee fails to file an appellee's brief, we are not compelled to apply the less strict standard and may, in our discretion, decide the case on the merits. *S.M.V. v. Littlepage* (1982), Ind.App., 443 N.E.2d 103, *trans. denied.*

■ The authority to hear child custody cases is not directly granted by the UCCJL.

*Williams v. Williams* (1990), Ind., 555 N.E.2d 142, 145 Rather, the act merely operates to restrict the existing power of courts to hear custody cases. *Id.* The source of an Indiana trial court's authority to decide child custody matters, in particular, the visitation aspect of a custody order, *Fox v. Fox* (1984), Ind.App., 466 N.E.2d 789, 791, *trans. denied,* and to award attorney fees when visitation rights are at issue, is found in I.C. 31–1–11.5–24. *State ex rel. Hight v. Marion Superior Court* (1989), Ind., 547 N.E.2d 267, 270.

■ The jurisdictional limitations imposed by the UCCJL are merely refinements of the ancillary capacity of a trial court to exercise authority over a particular case, *id.,* indeed, a particular kind of case. The UCCJL was promulgated to define the jurisdiction of a state court to make child custody determinations, *Funk v. Macaulay* (1983), Ind.App., 457 N.E.2d 223, 225, that is, decisions, orders, or instructions "providing for the custody of a child, including visitation rights." The act explicitly excludes decisions relating to child support or any other monetary obligation" from its scope. I.C. 31–1–11.6–2(2). The deliberate exclusion expresses the drafters' intent to restrict the applicability of the UCCJL solely to disputes concerning the custody of the child and visitation. *Lee v. DeShaney* (1983), Ind.App., 457 N.E.2d 604, 607. Thus, the Act cannot be said to in any way restrict the authority of a state court in a particular case to award attorney fees.

Moreover, the UCCJL is concerned only with the matter of jurisdiction, and in no way speaks to the manner in which the judge arrives at a custody or any other type of judgment. *See* Bodenheimer, B., *The Uniform Child Custody Jurisdiction Act: A Legislative Remedy for Children Caught in the Conflict of Laws,* 22 Vand. L.Rev. 1207 (1969). The attorney fee provisions contained in the act were designed to deter frivolous jurisdictional claims and child stealing, the principal goals of the legislation. *See* 9 Uniform Laws Annotated, Uniform Child Custody Jurisdiction Act §§ 7, 8 comment (Master Ed.1988). The provisions do not purport to address the

circumstances under which attorney fees may be awarded when the jurisdiction of a court is properly found to exist under the Act.

The trial court declined to exercise jurisdiction over the issues of support, alimony, and contempt but took Johnson's request for attorney fees under advisement. Roberts asserts that the trial court's determination it did not have jurisdiction over those matters is correct. Be that as it may, the only ground argued by Roberts as a basis for reversing the award of attorney fees is the Uniform Child Custody Jurisdiction Law. Our analysis of the UCCJL leads us to the conclusion that the enactment does not bar an award of attorney fees. Moreover, we have concluded that an Indiana trial court is competent to hear petitions to modify visitation orders and has been given explicit authority to award attorney fees in those types of proceedings. This being the case, and in the absence of any other reason for vacating the award, the judgment of the trial court should be and is affirmed.

Judgment affirmed.

NAJAM and STATON, JJ., concur.