In re The Marriage of Larry
C. HUGHES, Appellant–
Respondent,

v.

Shelley M. HUGHES, Appellee–
Petitioner.

No. 41A05–9508–CV–335.

Court of Appeals of Indiana.

May 23, 1996.

Andrew C. Mallor, Kendra Gowdy Gjerdingen, Mallor, Clendening, Grodner & Bohrer, Bloomington, for appellant.

G. Michael Loveall, J. Andrew Woods, Loveall and Woods, Franklin, for appellee.

## OPINION

RUCKER, Judge.

Larry Hughes (Father) appeals from a judgment granting custody of the parties' minor child to Shelley Hughes (Mother). Father raises four issues for our review which we consolidate and rephrase as follows: (1) did the trial court possess jurisdiction to decide custody of the parties' minor child under Indiana's Uniform Child Custody Jurisdiction Law (UCCJL); and (2) was the trial court in error by awarding Mother attorney fees.

We affirm.[1]

Mother and Father were married in September 1988, and one child, L.H., was born to the parties on August 7, 1989. Father, a Doctor of Osteopathic medicine, closed his Mooresville, Indiana, office in April 1992 and moved to the state of Texas to join a group practice. Mother remained in Indiana to sell the marital residence. In early July 1992, Father returned to Indiana and took L.H. with him back to Texas. Mother joined them a few days later. Within weeks Mother decided to move back to Indiana and did so on August 20, 1992, taking L.H. with her. On October 22, 1992, under the guise of a weekend visit, Father picked up L.H. with Mother's consent and returned the child to the state of Texas. One day later Father filed a petition for dissolution of marriage in a Limestone County, Texas District Court ("Texas Court") seeking custody of L.H. among other things. After conducting a

hearing, the Texas Court entered a temporary order establishing Limestone County, Texas as L.H.'s residence. Thereafter, pursuant to Texas law, a jury trial was conducted on the issue of permanent custody. The jury was unable to reach the consensus required by Texas law and the court declared a mistrial on April 27, 1993.

Mother then filed a petition in the Johnson Superior Court requesting custody of L.H., a temporary restraining order against Father, and attorney fees. The trial court initially dismissed the petition on jurisdictional grounds citing the pending Texas proceedings. In the meantime, Mother objected to the Texas Court's assertion of Jurisdiction over L.H. When the Texas Court overruled the objection, Mother filed a petition for writ of mandamus in the Texas Court of Appeals. The Texas Court of Appeals denied the petition but observed: "[h]ere, the limited record before us shows that Texas has never become the "home state" of the child; Indiana is the state in which the child last resided with a parent for at least six consecutive months.... Jurisdiction is not proper under [the UCCJL] because another state, Indiana, has jurisdiction under [the UCCJL].... Jurisdiction is not proper under [the UCCJL] because Indiana would have jurisdiction and has not declined to exercise that jurisdiction." *Record* at 128 (Opinion On Motion For Leave To File Petition For Writ Of Mandamus). Armed with the Texas Court of Appeals' opinion, Mother filed a motion to correct error in the Johnson Superior Court. After consulting with the trial judge in the Texas Court, who indicated he would take no further action if Indiana assumed jurisdiction in this matter, the trial court granted Mother's motion. The court concluded that it had jurisdiction to hear custody related issues in this case and entered an order which declared in pertinent part:

Based upon the evidence this court has before it at this time, it appears that Indiana may or may not be the "home state" immediately preceding the "time involved" in this matter. Therefore, in the event that Indiana is also not the "home

1. Fathers' request for oral argument is denied.

state", then this court finds and concludes that it has jurisdiction under the "significant connection" test found in Indiana Code 31–1–11.6–3(a)(2).

*Record* at 143. Father filed a motion to reconsider which the trial court denied. Thereafter Father petitioned this court for interlocutory review which was also denied. The matter proceeded to a hearing after which the trial court entered an order granting custody of L.H. to Mother and granting Father specific periods of visitation. The trial court sua sponte entered detailed findings and conclusions in support of its judgment. Also, in a previous ruling the trial court had determined that it had no authority to award attorney fees. In its final order the trial concluded to the contrary and determined that either party may present evidence limited solely to the issue of attorney fees. The trial court gave the parties an opportunity either to submit evidence of attorney fees by way of affidavits or to schedule a hearing on the issue at a later date. Both parties submitted affidavits, and the trial court awarded Mother attorney fees and litigation expenses in the amount of Seven Thousand Two Hundred and Forty-one Dollars ($7,241.00). This appeal ensued in due course.

### I.

Father contends the trial court erred in exercising jurisdiction over L.H. because under provisions of the UCCJL: (a) Indiana is not the "home state" of the minor child, and (b) a custody proceeding was pending in the state of Texas, and therefore the trial court could not rely upon the "significant connection" test to assume jurisdiction. Mother counters that despite the trial court's reluctance to so rule, Indiana is L.H.'s "home state" and even if it is not, the trial court properly assumed jurisdiction under the "significant connection" test.

The UCCJL, codified at Ind.Code § 31–1–11.6–1 to –25 was adopted in part to avoid competition and conflict among courts of different jurisdictions in matters of child custody, to promote interstate cooperation in rendering custody decrees, and to deter abductions and other unilateral removals of children undertaken to obtain custody awards. *Stephens v. Stephens,* 646 N.E.2d 682, 685 (Ind.Ct.App.1995). The determination of whether an Indiana court has jurisdiction in an interstate custody proceeding is controlled by Ind.Code § 31–1–11.6–3 which provides in pertinent part as follows:

(a) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(1) this state is (A) the home state of the child at the time of commencement of the proceeding, or (B) had been the child's home state within six (6) months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or a person acting as parent continues to live in this state;

(2) It is in the best interest of the child that a court of this state assume jurisdiction because (A) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (B) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;

... or;

(4)(A) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (B) it is in the best interest of the child that this court assume jurisdiction.

As referenced in paragraph (1) above, a child's "home state" is the "state in which the child, immediately preceding the time involved, lived with his parents, a parent, or a person acting as a parent, for at least six (6) consecutive months...." Ind.Code § 31–1–11.6–2(5). Only when a child does not have a "home state" may the court apply the "signif-

icant connection" test under Ind.Code § 31–1–11.6–3(a)(2) to determine jurisdiction. *Ruppen v. Ruppen,* 614 N.E.2d 577, 581 (Ind. Ct.App.1993). In like fashion, by definition, if the child has a "home state" other than Indiana, then jurisdiction may not be assumed in Indiana unless the home state has declined its jurisdiction. *Id.* However, prior to assuming jurisdiction under either the "home state" test or the "significant connection" test, the trial court must determine if a custody proceeding in a court of another state is pending and whether the other court is exercising jurisdiction in substantial conformity with the provisions of the UCCJL. *Ruppen,* 614 N.E.2d at 581. If such a proceeding is pending, then the Indiana court shall not exercise jurisdiction "unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons." I.C. 31–1–11.6–6(a).

■ In this case the trial court reached no conclusion as to whether it had jurisdiction under I.C. 31–1–11.6–3(1), the "home state" provision of the statute. Both parties claim error on this point with Mother contending Indiana is L.H.'s home state and Father contending that it is not. We need not decide this issue however because at least as far as the Texas Court of Appeals is concerned "Texas has never become the 'home state' of [L.H.]." This determination is significant. If Texas is not L.H.'s home state, then L.H. would have no home state other than Indiana. In essence there is no other state in competition with the state of Indiana on the question of L.H.'s "home state" status. Therefore it is of no consequence whether the trial court exercised jurisdiction on the basis of the "home state" test or the "significant connection" test. The question is whether the trial court otherwise properly assumed jurisdiction of the parties' minor child.

■ Father does not dispute that the trial court had jurisdiction to resolve the custody matter under I.C. 31–1–11.6–3(2), the "significant connection" provision of the statute. The trial court's findings support such a determination and Father does not challenge them. For example, the findings show that

L.H. was born in Indiana, that the child lived here the majority of its life, and that L.H.'s mother, grandparents, and siblings all reside in Indiana. The findings also show that Mother had been L.H.'s primary care giver prior to these proceedings, and even under the joint custody arrangement ordered by the Texas Court, Mother still managed to provide stability and consistency for L.H. during Mother's periods of custody in Indiana. Father complains, however, that because there was a custody proceeding pending in the state of Texas which properly had jurisdiction, the trial court here abused its discretion by not declining to exercise jurisdiction under I.C. § 31–1–11.6–6. Father acknowledges that the trial court may exercise jurisdiction under the "significant connection" provision of the statute if the Texas Court stays its proceedings. However, citing a portion of I.C. § 31–1–11.6.6(a) which provides "a court of this state shall not exercise its jurisdiction.... unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum" Father argues that the Texas Court did not stay its proceeding based on a determination that Indiana is a more appropriate forum. Rather, according to Father, the Texas Court stayed its proceeding so that the state of Indiana could "determine whether or not it has jurisdiction under the [UCCJL] to decide the issue of custody of the child...." *Reply Brief of Appellant* p. 9, quoting *Record* at 205 (Stay Order of the Texas Court).

■ We are not persuaded. Contrary to Father's position, I.C. § 31–1–11.6–6(a) does not limit an Indiana court's exercise of jurisdiction to instances where the court of another state has stayed its proceeding based on a determination that Indiana is the more appropriate forum. The remainder of that portion of the statute on which Father relies goes on to say "or for any other reason." In essence, this state may exercise jurisdiction under the UCCJL where a custody proceeding is pending in another state, if the other state has stayed its proceedings because this state is a "more appropriate forum" or because the other state has stayed its proceedings "for any other reason." The operative

point is that the other state court has stayed its custody proceeding. Here the Texas Court stayed its proceeding in order to allow the trial court to determine whether it had jurisdiction. The trial court determined that it did have jurisdiction and we find no error.

## II.

 Father next contends the trial court erred in awarding Mother attorney fees. To support the award the trial court relied on *Roberts v. Johnson*, 625 N.E.2d 1288 (Ind.Ct. App.1993) where we affirmed a challenge to the trial court's authority to award fees under the UCCJL. In that case Roberts appealed an award of attorney fees granted to Johnson on grounds that the attorney fee provisions of the act are the exclusive authority for an award of fees when jurisdiction is assumed under the UCCJL. Roberts pointed out that none of the sections of the act which expressly provide for an award of attorney fees were applicable in that case. We rejected Roberts' contention noting that the UCCJL could not be said to restrict the authority of a state court in a particular case to award attorney fees. *Id.* at 1290. We continued "[m]oreover, we have concluded that an Indiana trial court is competent to hear petitions to modify visitation orders and has been given explicit authority to award attorney fees in those types of proceedings." *Id.* at 1291. The litigation which ultimately culminated in the appeal was Roberts' petition to modify custody filed in the Vigo Superior Court. Here Father seizes on the quoted language, complains that this case does not involve a modification of custody, and insists therefore that the trial court erred in relying on *Roberts, supra.*

Father reads the opinion too narrowly. The essential holding in *Roberts* is that the UCCJL is not the exclusive authority on which an award of attorney fees may be based. True, *Roberts* involved a petition to modify custody and the case before us involves, among other things, a petition to establish custody. However this distinction is without a difference. The source of an Indiana court's authority to decide child custody matters is found in Ind.Code § 31–1–11.5–20. *State ex rel. Hight v. Marion Supe-*rior Court, 547 N.E.2d 267 (Ind.1989). Its authority to award attorney fees is found at Ind.Code § 31–1–11.5–16 which provides in pertinent part: "[t]he court from time to time may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for attorney's fees. . . ." The trial court has broad discretion in determining whether to award attorney's fees and in what amount. *Staller v. Staller,* 570 N.E.2d 1328, 1332 (Ind.Ct.App.1991). Such an award will only be reversed for abuse of discretion. *Id.* Finding no abuse in this case, we conclude the trial court did not err in awarding Mother attorney fees.

Judgment affirmed.

SHARPNACK, C.J., and DARDEN, J., concur.