**Fred TURNER and Melissa Turner, Appellants–Plaintiffs,**

**v.**

**RICHMOND POWER AND LIGHT COMPANY, Appellee– Defendant.**

**No. 89A01–0002–CV–67.**

Court of Appeals of Indiana.

Feb. 19, 2002.

---

**5.** Now App. R. 7(B).

William F. Conour, Ronald S. Todd, Conour Doehrman, Indianapolis, IN, Attorneys for Appellant.

Miriam A. Rich, Indianapolis, IN, Attorney for Appellee.

## OPINION ON REHEARING

ROBB, Judge.

This case is before us on a petition for rehearing filed by the Appellee Defendant Richmond Power and Light Company ("RPL"), requesting that this court reconsider its decision in *Turner v. Richmond Power and Light Co.*, 756 N.E.2d 547 (Ind. Ct.App.2001). In our original opinion, we held that the trial court erred in dismiss-

ing Fred Turner's complaint against RPL for lack of subject matter jurisdiction because his negligence complaint against the utility was not barred by the exclusivity provision of the Worker's Compensation Act. *Id.* at 559. We grant rehearing for the limited purpose of addressing RPL's contention that our earlier decision materially misstates the record.

In our original opinion, we found that RPL was a hybrid entity; it retained aspects that indicated that it was an agency or department of the City of Richmond, and other aspects which indicated that it was a separate and distinct entity from the municipality. *Id.* at 555. "Because of the hybrid nature of RPL, the electric company cannot be neatly 'pigeonholed' as a governmental agency or as separate and distinct entity from the City." *Id.* After reviewing the utility's characteristics, we determined that RPL was more akin to a subsidiary of a municipal corporation than a governmental agency. *Id.* at 558.

We found the following factors indicia that RPL was a separate and distinct entity from the City of Richmond: (1) RPL was not included in the City's organizational chart; (2) RPL conducted its personnel matters independently from the City; (3) RPL and the City maintained different employee benefit packages; (4) the method upon which RPL entered into service contracts, billed, and collected payment from its customers; (5) RPL's maintenance of banking and investment accounts separate from those used by the City; (6) RPL's ownership of equipment and facilities essential for the delivery of electric service; (7) difference in budgetary matters between the City and RPL; (8) RPL's retention of outside counsel and separate liability insurance from the City; (9) difference in the hierarchy of management between RPL and the City. *Id.* at 557–58. RPL disputes the validity of a

few of these factors and argues that our decision materially misstates the record. RPL's argument essentially challenges our interpretation of the evidence contained in the record and the conclusions reached in the majority opinion.

 We will first reiterate the standard of review employed in *Turner.* When an employer defends against an employee's negligence claim on the basis that the employee's exclusive remedy is to pursue a claim for benefits under the Indiana Worker's Compensation Act, the defense is properly advanced through a motion to dismiss for lack of subject matter jurisdiction under Indiana Trial Rule 12(B)(1). *Foshee v. Shoney's, Inc.,* 637 N.E.2d 1277, 1280 (Ind.1994). In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion, but also any affidavits or evidence submitted in support. *Indiana Dep't of Highways v. Dixon,* 541 N.E.2d 877, 884 (Ind.1989). In addition, the trial court may weigh the evidence to determine the existence of the requisite jurisdictional facts. *Borgman v. State Farm Ins. Co.,* 713 N.E.2d 851, 854 (Ind.Ct.App.1999), *trans. denied.*

 The standard of appellate review of a trial court's grant or denial of a motion to dismiss pursuant to Trial Rule 12(B)(1) is a function of what occurred in the trial court. *GKN Co. v. Magness,* 744 N.E.2d 397, 401 (Ind.2001). The standard of appellate review is dependent upon: (i) whether the trial court resolved disputed facts; and (ii) if the trial court resolved disputed facts, whether it conducted an evidentiary hearing or ruled on a "paper record." *Id.* If the facts before the trial court are not in dispute, then the question of subject matter jurisdiction is purely one of law and no deference is afforded to the trial court's conclusion. *Id.* The standard of review is de novo. *Id.*

If the facts before the trial court are in dispute, then appellate review focuses on whether the trial court conducted an evidentiary hearing. *Id.* Under these circumstances, a court typically engages in its classic fact-finding function, often evaluating the character and credibility of witnesses. *Id.; Anthem Ins. Cos., Inc. v. Tenet Healthcare Corp.*, 730 N.E.2d 1227, 1238 (Ind.2000). Where the trial court conducts an evidentiary hearing, we give its factual findings and judgment deference. *Menard Inc. v. Dage–MTI, Inc.*, 726 N.E.2d 1206, 1210 (Ind.2000). In reviewing a trial court's findings and judgment, we will reverse only if they are clearly erroneous. *Magness*, 744 N.E.2d at 401. Where the facts are in dispute but the trial court rules on a paper record without conducting an evidentiary hearing, then no deference is afforded to the trial court's factual findings or judgment because under those circumstances, a court of review is "in as good a position" as a trial court to determine whether the trial court has subject matter jurisdiction. *MHC Surgical Ctr. Assocs., Inc. v. State Office of Medicaid Policy & Planning*, 699 N.E.2d 306, 308 (Ind.Ct.App.1998).

In *Turner*, several facts before the trial court were in dispute, and the parties disagreed about the inferences to be drawn from even the undisputed facts. In addition, the record revealed that the trial court did not conduct an evidentiary hearing. Rather, it ruled on a paper record consisting of: (1) the parties' complaints; (2) affidavits of witnesses; (3) deposition testimony; and (4) memoranda of law. Therefore, our standard of review was de novo; we could affirm the judgment of the trial court on any legal theory the evidence of record supported. *See Magness*, 744 N.E.2d at 401. However, the trial court was presumptively correct, and we could reverse on the basis of an incorrect factual finding only if Turner persuaded this court that the balance of the evidence was tipped against the court's findings. *Id.*

Contrary to RPL's assertions, our decision in Turner did not misstate the record. Rather, we arrived at different conclusions then those propounded by RPL, which was within our discretion. Moreover, even if there is a disagreement as to certain minor points, the record as a whole unerringly supports our conclusion that RPL operated as a separate and distinct entity from the City. Consequently, we hold now as we held then that the trial court erred in dismissing Turner's complaint for lack of subject matter jurisdiction.

Subject to this clarification, we reaffirm our earlier holding.

RILEY, J., concurs.

MATTINGLY–MAY, J., concurs in grant of rehearing.

MATTINGLY–MAY, Judge, concurring in grant of re-hearing.

I agree that the majority did not materially misstate the record. However, as explained in my dissent, I believe the inferences properly drawn from the facts in the record support the conclusion that RPL and the City are the same entity for purposes of worker's compensation coverage. I would therefore grant the Petition for Rehearing.