**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Sep 30 2013, 5:37 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JOSEPH A. TAYLOR**
Pendleton, Indiana

ATTORNEY FOR APPELLEE:

Attorney for William H. Wolfe, M.D.
**JEB A. CRANDALL**
Bleeke Dillon Crandall, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSEPH A. TAYLOR, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 48A05-1212-PL-638 |
| | ) | |
| DR. WILLIAM H. WOLFE, in his Individual | ) | |
| Capacity as an Employee of Corizon and | ) | |
| Medical Director at the Pendleton Correctional | ) | |
| Facility, CORIZON, INC., and PHARMA CORR, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Thomas Newman, Jr., Judge
Cause No. 48C03-1205-PL-70

**September 30, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Joseph A. Taylor appeals *pro se* the dismissal of his complaint against Dr. William H. Wolfe, Corizon, Inc., and Pharma Corr ("Defendants")[1] for lack of subject matter jurisdiction.[2]  We affirm.

## FACTS AND PROCEDURAL HISTORY

Taylor is an inmate at the Pendleton Correctional Facility.  On May 1, 2012, he filed a complaint against Defendants, claiming Defendants' alleged denial of medical care violated:

> Art. 1 § 12 of the Ind. Constitution, which protects Taylor's right to due course of law; violates the prohibition against cruel and unusual punishment contained in Art. 1 § 16 of the Ind. Constitution, and contained the Eighth Amendment to the United States Constitution, as applied to the [s]tates under the Due Process Clause of the Fourteenth Amendment [to] the U.S. Constitution; deprived and continues to deprive Taylor of his state/IDOC [Indiana Department of Correction] – created property and/or liberty interests, as outlined above, without due process of law, in violation of the Fourteenth Amendment to the United States Constitution.

(App. at 22.)  In that complaint, Taylor asserted he had exhausted all administrative remedies.

On August 13, 2012, Taylor moved to supplement his complaint.  The trial court granted his motion on October 26, 2012, and Taylor modified his complaint by: (1) indicating his diagnosis of "severe daily chronic constipation" had been changed to a diagnosis of "chronic irritable bowel syndrome," (*id*. at 72), and (2) adding claims regarding changes in his medication for his new diagnosis.

---

[1] Dr. Wolfe is the only defendant participating in the appeal.  However, as the other parties are parties of record at the trial court level, they also are on appeal.  *See* Indiana Appellate Rule 17(A) ("A party of record in the trial court or Administrative Agency shall be a party on appeal.").

[2] Taylor also argues the judge presiding over his case should be replaced based on Taylor's unsupported allegations there were *ex parte* communications between the judge and the Defendants.  However, this issue is moot based on our decision.

On November 30, 2012, the trial court dismissed Taylor's claims based on lack of subject-matter jurisdiction because Taylor had not exhausted his administrative remedies.

## DISCUSSION AND DECISION

Our standard of review of the trial court's decision regarding subject matter jurisdiction is a function of what occurred in the trial court. *Turner v. Richmond Power and Light Co.*, 763 N.E.2d 1005, 1007 (Ind. Ct. App. 2002). When, as is the case here, the trial court does not hold an evidentiary hearing and rules instead based on a paper record, "no deference is afforded to the trial court's factual findings or judgment," *id*. at 1008, because under those circumstances we are "in as good a position" as the trial court to determine jurisdiction. *Id*. (quoting *MHC Surgical Ctr. Assocs., Inc. v. State Office of Medicaid Policy & Planning*, 699 N.E.2d 306, 308 (Ind. Ct. App. 1998)).

In 1995 Congress amended 42 U.S.C. § 1997e(a) to require prisoners to exhaust administrative remedies before filing a § 1983 action in federal courts to challenge prison conditions. *Higgason v. Stogsdill*, 818 N.E.2d 486, 489 (Ind. Ct. App. 2004), *trans. denied*. Federal courts have enforced that provision strictly. *Id*. To harmonize federal and state decisions on this issue, Indiana courts also require exhaustion of administrative remedies before inmates may file § 1983 claims related to prison conditions. *Id*. at 490.

In 2002, our legislature created a Department of Correction Ombudsman Bureau within the Department of Administration. Ind. Code § 4-13-1.2-3. The ombudsman is "to investigate and resolve complaints that the department of correction endangered the health and safety of any person, or that the department of correction violated specific laws, rules, or

3

written policies." Ind. Code § 4-13-1.2-2. Pursuant to statute:

> (a) The ombudsman may receive, investigate, and attempt to resolve complaints that the department of correction:
> > (1) violated a specific law, rule, or department written policy; or
> > (2) endangered the health or safety of any person.
> However, the ombudsman shall not investigate a complaint from an employee of the department of correction that relates to the employee's employment relationship with the department of correction.
> (b) At the conclusion of an investigation of a complaint, the ombudsman shall report the ombudsman's findings to the complainant.
> (c) If the ombudsman does not investigate a complaint, the ombudsman shall notify the complainant of the decision not to investigate and the reasons for the decision.

Ind. Code § 4-13-1.2-5.

The Ombudsman statute is part of the Correctional Standards and Procedures Article of Indiana Code Title 11, which deals only with Corrections. *See* Ind. Code ch. 11-11-1.5. Chapter 1 of that Article addresses the DOC "Grievance Procedure." *See* Ind. Code ch. 11-11-1. Our Legislature codified these statutes to create an additional layer of administrative review for the protection of prisoners. *Abdul-Wadood v. Batchelor*, 865 N.E.2d 621, 624-25 (Ind. Ct. App. 2007), *trans. denied*.

Taylor alleged in his Complaint on May 1, 2012, he had "clearly exhausted all available prison administrative remedies." (App. at 23.) In support of his contention, Taylor provided the trial court with a copy of his Offender Grievance, his Offender Grievance Program Grievance Appeal, and the denials of both. However, he did not provide the court with a copy of his appeal to the Ombudsman Bureau, which, as stated above, must be completed prior to judicial review of a prisoner's claim. Taylor's failure to appeal his claim

4

to the Ombudsman Bureau was the reason the trial court dismissed the complaint:

> 8.      After reviewing and researching the multitude of issues and sub-issues raised by Taylor's complaint, the Court concludes that complaint must be dismissed for lack of subject-matter jurisdiction pursuant to Indiana Trial Rule 12(B)(1) because the complaint exhibits a fatal jurisdictional flaw: a failure to exhaust administrative remedies.  A separation of powers between the three branches of government – the legislative, the executive, and the judicial branches – underlies our entire system of law.  One corollary of that basic principle is that each branch must grant the other two coequal branches a due respect and deference.  The Department of Correction resides in [the] executive branch.  In this case, then Taylor invites this Court to become involved in the day-to-day operation of an administrative agency of another coequal branch of government.  Because of the separation of powers, courts are reluctant to undertake such a review at all.  See, e.g., Kimrey v. Donahue, 861 N.E.2d 379, 383 (Ind. Ct. App. 2007) (noting "the long-standing principle that the judiciary is constrained from interfering with the internal procedures and policies of the Department of Correction.").  For the courts to get involved in such disputes, an inmate's complaint must demonstrate that he has exhausted all available administrative remedies before he filed suit – that the inmate has given the DOC every available opportunity to redress the inmate's alleged injuries on its own, without judicial intervention.
>
> 9.      Taylor's complaint is jurisdictionally deficient because it indisputably fails to make that showing here.  He filed a medical grievance, and he appealed the denial of that grievance, with the appeal itself eventually being denied.  See, e.g., Exhibit D ("Offender Grievance Response Report" showing both the denial of Taylor's medical grievance and the affirmance of that decision on appeal).  Indiana statute, however, expressly provides Taylor an additional layer of administrative review that he failed to exhaust.  That additional layer would have been a further appeal to the Department of Correction Ombudsman Bureau.
>
> * * * * *
>
> 10.    Since Taylor's failure to exhaust his administrative remedies undermines subject-matter jurisdiction over the entire complaint, no part of the complaint in this case may go forward.  It must be dismissed in its entirety.

(App. at 58-60.)

Taylor provided no evidence he appealed to the Ombudsman Bureau, and that appeal

is a required administrative remedy prior to judicial review. *See Abdul-Wadood*, 865 N.E.2d

5

at 624 (holding appeal to the Department of Correction Ombudsman Bureau is required before filing with trial court).  As Taylor did not exhaust all of his available administrative remedies, the trial court did not err when it dismissed his claim for lack of subject-matter jurisdiction.[3]  *See id*. at 625 (dismissal appropriate when prisoner fails to exhaust all administrative remedies).  Accordingly, we affirm.

Affirmed.

BAKER, J., and MATHIAS, J., concur.

---

[3] Taylor also argues the trial court erred when it allegedly failed to rule regarding his Supplemental Complaint. However, his Supplemental Complaint did not include any additional information regarding the exhaustion of the administrative remedies available to him, such as whether he had appealed to the Ombudsman, and therefor the court could not have erred by dismissing Taylor's complaint based on lack of jurisdiction without addressing Taylor's Supplemental Complaint specifically.