**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 11 2014, 6:22 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**DAMON QUARLES**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAMON QUARLES, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1306-CR-588 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable, Amy J. Barbar, Magistrate
Cause No. 49G02-1112-FB-88677

**July 11, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Damon Quarles appeals the denial of his "Petition for Credit Time not Previously Awarded by Department of Corrections [sic]" ("Petition"). (App. at 14.) We affirm.

## FACTS AND PROCEDURAL HISTORY

On May 28, 2013, Quarles filed his Petition with the trial court. He alleged the Department of Correction ("DOC") denied him educational credit time for his completion of the DOC's Purposeful Living Unit Serve (PLUS) program. Quarles claimed he completed the PLUS program in August 2007. On May 31, the trial court denied Quarles' Petition, citing lack of jurisdiction.

## DISCUSSION AND DECISION

We first note Quarles proceeds in his appeal *pro se*. A litigant who proceeds *pro se* is held to the same established rules of procedure that trained counsel is bound to follow. *Smith v. Donahue*, 907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied, cert. dismissed*. One risk a litigant takes when proceeding *pro se* is that he will not know how to accomplish all the things an attorney would know how to accomplish. *Id*. When a party elects to represent himself, there is no reason for us to indulge in any benevolent presumption on his behalf or to waive any rule for the orderly and proper conduct of his appeal. *Foley v. Mannor*, 844 N.E.2d 494, 502 (Ind. Ct. App. 2006).

Our review of a decision regarding subject matter jurisdiction is a function of what occurred in the trial court. *Turner v. Richmond Power and Light Co.*, 763 N.E.2d 1005, 1007 (Ind. Ct. App. 2002). When, as here, the trial court does not hold an evidentiary hearing and rules instead based on a paper record, "no deference is afforded to the trial court's factual

2

findings or judgment," *id*. at 1008, because under those circumstances we are in as good a position as the trial court to determine jurisdiction. *Id*. (quoting *MHC Surgical Ctr. Assocs., Inc. v. State Office of Medicaid Policy & Planning*, 699 N.E.2d 306, 308 (Ind. Ct. App. 1998)).

A petitioner seeking credit time "must show in the first place what the relevant DOC administrative grievances procedures are, and then that he has exhausted them at all levels." *Young v. State*, 888 N.E.2d 1255, 1257 (Ind. 2008). In his Petition, Quarles wrote, "Please [see] attached Exhibit (A) and Exhibit (B) to show that I've exhausted my administrative remedies." (App. at 19.) Exhibit A seems to be a list of his job assignments while incarcerated. Exhibit B is a form entitled "Classification Appeal" which Quarles completed, but there is no indication he filed the form or received a ruling on his appeal. In it, Quarles does not indicate what decision he appealed, stating only "That I received from Ms. Pretorius who in turn contacted one Mr. Leibel, stated that due to my parole violation I will not receive my Plus Time cut." (*Id*. at 36.)

There is no indication in the record of the process by which Quarles was to request educational time credit, how he could appeal that decision, or the point at which his administrative remedies were exhausted. Therefore, he has not demonstrated he exhausted his administrative remedies before filing his Petition, and the trial court did not have subject matter jurisdiction over his complaint. *See Samuels v. State*, 849 N.E.2d 689, 692 (Ind. Ct. App. 2006) (post-conviction court did not have subject matter jurisdiction over Samuels' educational time credit complaint because he did not demonstrate he had exhausted all

3

administrative remedies), *trans. denied*.  Accordingly, we affirm.

Affirmed.

KIRSCH, J., and BAILEY, J., concur.