**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 17, 2017[*]
Decided March 17, 2017

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

Nos. 16-2485 & 16-2660

| | |
|---|---|
| MARK A. BROOKS-ALBRECHTSEN, <br>     *Plaintiff-Appellant,* <br><br>     *v.* <br><br> CITY OF INDIANAPOLIS, INDIANA, <br> et al., <br>     *Defendants-Appellees.* | Appeals from the United States <br> District Court for the Southern District of <br> Indiana, Indianapolis Division. <br><br> No. 1:15-cv-00786-TWP-TAB <br><br> Tanya Walton Pratt, <br> *Judge.* |

**O R D E R**

Mark Brooks-Albrechtsen applied for a job as a police officer with the Indianapolis Metropolitan Police Department. After being rejected he sued the chief of police and other defendants claiming violations of the Constitution and federal statutes in the selection process. On the defendants' motion, the district court dismissed the complaint with the explanation that it does not state a claim for relief. *See* FED. R.

---

[*] We have agreed to decide these appeals without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Civ. P. 12(b)(6). That decision prompted these appeals, which we have consolidated for decision.

For purposes here we accept as true the facts alleged in the complaint. *See Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 823 (7th Cir. 2014). Brooks-Albrechtsen recently earned a law degree and previously worked as a police officer in Ohio. In September 2014 he applied to work as a police officer in Indianapolis. Four months later Brooks-Albrechtsen was notified by e-mail that he had been "selected to proceed to the next phase of the applicant screening process." The e-mail explained that a "conditional offer of employment" depended on meeting several requirements, including approval by the Civilian Police Merit Board.

But the plaintiff's application ran into trouble when a detective called him after vetting his name online. The detective asked about a lawsuit he had brought against another former employer, *Brooks v. Ohio State Chiropractic Bd.*, No. 2:12-cv-225, 2012 WL 1429386 (S.D. Ohio April 25, 2012), and a 2009 misdemeanor conviction for impersonating a private police officer, *Ohio v. Brooks*, No. 25033, 2012 WL 2947830 (Ohio Ct. App. July 20, 2012). The conviction stemmed from an arrest for driving 100 mph in a 65 mph zone and then falsely telling the patrolman that he worked as a security officer for a local hospital. *See id.* at *1–2*. Earlier in 2014 the plaintiff had persuaded the Ohio trial court to seal its records of the misdemeanor conviction, and he accused the detective of violating an antidiscrimination provision in Indiana's expungement statute, Ind. Code § 35-38-9-10(b)(3), by investigating him online.

The Merit Board declined to hire Brooks-Albrechtsen. He then sued in federal court naming multiple defendants, including the detective who conducted the online vetting, the chief of police, the City of Indianapolis, and Marion County.[1] The plaintiff alleges that he was turned down because of the sealed conviction and his lawsuit against the former employer. The employment decision denied him due process and equal protection, he claims, and also violated Section 8 of the National Labor Relations Act,

---

[1] Indianapolis is located within Marion County, and the parties represent that the city and county comprise a single legal entity because they have a unified government. To the contrary, the "City of Indianapolis and Marion County are separate governmental entities." *Metro. Emergency Commc'n Agency v. Cleek*, 835 N.E.2d 565, 567 n.3 (Ind. Ct. App. 2005); *see Grieveson v. Anderson*, 538 F.3d 763, 770–71 (7th Cir. 2008). Consistent with their unified government, however, the city and county jointly operate the police force that rejected Brooks-Albrechtsen's application for employment. *See* History of the Indianapolis Metropolitan Police Department, Indy.gov, http://www.indy.gov/eGov/City/DPS/IMPD/About/History/Pages/home.aspx (visited Mar. 17, 2017).

*see* 29 U.S.C. § 158(a). In granting the motion to dismiss (after twice allowing Brooks-Albrechtsen to amend his complaint), the district court first reasoned that Brooks-Albrechtsen does not state a due process claim because he lacked a property interest in prospective employment with the police department. *See Moore v. Muncie Police & Fire Merit Comm'n*, 312 F.3d 322, 326–27 (7th Cir. 2002) (recognizing that applicant does not have property interest in prospective public employment without a "'mutually explicit understanding' between the parties" (quoting *Crim v. Bd. of Educ. of Cairo Sch. Dist. No. 1*, 147 F.3d 535, 545 (7th Cir. 1998))). Likewise, the district court concluded, Brooks-Albrechtsen's claim that he was discriminated against based on his litigation history amounts to a "class of one" equal-protection theory, which the Supreme Court has rejected as having "no place in the public employment context." *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 594 (2008); *see Abcarian v. McDonald*, 617 F.3d 931, 938 (7th Cir. 2010) ("[C]lass-of-one claims cannot be based on the highly discretionary and individualized sorts of decisions that public employers must make about their employees."). And as for the plaintiff's NLRA claim, the court concluded that none of the defendants are "employers" as defined in that Act. *See* 29 U.S.C. § 152(2) (defining "employer" to exclude "any State or political subdivision thereof").

After this decision Brooks-Albrechtsen filed sequential notices of appeal. The first of these, which we docketed as no. 16-2485, concerns the merits. In that appeal we mostly agree with the district court's reasons for dismissing the complaint and add only a few observations. First, we reject the notion that Indiana law forbade the Merit Board from considering the sealed conviction, a central premise of the plaintiff's lawsuit. He invokes a statute making it unlawful to deny employment on account of a conviction that has been sealed under Indiana law, but that provision is irrelevant because the plaintiff's Ohio conviction records were sealed by an *Ohio* court. *See* IND. CODE § 35-38-9-10(b) ("It is unlawful discrimination for any person to . . . refuse to employ . . . any person because of a conviction or arrest record expunged or sealed *under this chapter*." (emphasis added)). What is more, the sealing of Brooks-Albrechtsen's conviction is not absolute: The governing Ohio statute expressly permits sealed convictions to be disclosed to "any law enforcement agency or any authorized employee of a law enforcement agency . . . as part of a background investigation of a person who applies for employment with the agency as a law enforcement officer." OHIO REV. CODE ANN. § 2953.32(D)(6).

That brings us to our only quibble with the district court's decision. The court dismissed Brooks-Albrechtsen's NLRA claim on the merits, reasoning that the defendants are not "employers" as defined by the Act. Yet the federal district courts do

not have subject-matter jurisdiction over claims that an employer engaged in an unfair labor practice that violates Section 8 of the NLRA; those claims must be taken to the National Labor Relations Board. *See Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 806 (7th Cir. 2009); *NLRB v. Ill. Dep't of Emp't Sec.*, 988 F.2d 735, 738 (7th Cir. 1993). Thus, the district court should have dismissed the NLRA claim without prejudice.

Finally, Brooks-Albrechtsen argues for the first time on appeal that the Merit Board was obliged to let him appeal its decision administratively, since, he maintains, some police departments in other jurisdictions allow applicants to appeal their disqualification from prospective employment. But whether other police departments afford applicants more process than the Constitution requires is irrelevant. Absent a property interest, *no* process is required. *See Moore*, 312 F.3d at 326; *Crim*, 147 F.3d at 545. Moreover, we have no basis to grant the plaintiff's request that we take "judicial notice" of his summary of purported hiring practices for 30 police departments. *See* FED. R. EVID. 201(b); *Rowe v. Gibson*, 798 F.3d 622, 629 (7th Cir. 2015) (recognizing that Rule 201 mandates "indisputable" accuracy of facts subject to judicial notice).

That ends our discussion of the merits. Brooks-Albrechtsen's second appeal, case no. 16-2660, was filed after he asked for, *and received*, permission from the district court to proceed in forma pauperis in his first appeal. In granting IFP the district court told Brooks-Albrechtsen that he could proceed without paying any part of the appellate fees but still would remain liable for those fees. That condition, which the plaintiff views as unconstitutional, is the subject of his second appeal. But he did not need to file a second notice of appeal to challenge that order. *Cf.* FED R. CIV. P. 24(a)(5) (providing that party denied leave to proceed IFP on appeal by district court may renew motion in court of appeals); *see also Baugh v. Taylor*, 117 F.3d 197, 201 (5th Cir. 1997) (construing Rule 24). Thus, the second notice of appeal is duplicative. And, in any event, there is nothing unconstitutional about requiring Brooks-Albrechtsen to later pay the appellate fees when he has the means to do so. *See Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002) (explaining that "everyone allowed to proceed *in forma pauperis* owes the fees and must pay when able").

We have considered the rest of Brooks-Albrechtsen's arguments—most of which concern procedural matters—and none merits discussion. Accordingly, in appeal no. 16-2485 we **MODIFY** the district court's judgment to clarify that any claim Brooks-Albrechtsen may have under the NLRA is dismissed without prejudice, and as modified the judgment is **AFFIRMED**. Appeal no. 16-2660 is **DISMISSED** as duplicative.